IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                          NO. 10-50127-001

SHERRY MAE SEALS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On July 27, 2012, the Defendant/Movant Sherry Mae Seals (hereinafter "the Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 28). The Government has filed a Response (Doc. 31), and the Defendant has filed a Reply (Doc. 35). The undersigned does not believe that an evidentiary hearing is warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. 28 U.S.C. § 2255(b). See Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

**PROCEDURAL BACKGROUND:**

On December 6, 2010, Defendant waived indictment and pled guilty to a two-count Information charging her with (1) conspiring to use an interstate facility (a telephone and bank account) to promote, manage, establish, carry on and facilitate an unlawful activity (prostitution), in violation of 18 U.S.C. § 1952(a)(3)(A) (the Travel Act), and 18 U.S.C. § 371; and (2)

conspiring to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(1) & (h). (Docs. 1, 2, 5.) On June 20, 2011, a judgment was entered sentencing Defendant to twenty-four months imprisonment on each count, with the terms to run concurrently; three years supervised release on each count, with the terms to run concurrently; and a $5,000.00 fine. (Doc. 15.) Defendant appealed her sentence, and, on March 21, 2012, the Eighth Circuit Court of Appeals affirmed Defendant's sentence. (Doc. 24.)

**GROUNDS FOR § 2255 MOTION:**

In the motion now before the Court, which Defendant filed pro se, Defendant asserts the following grounds for relief:

Ground One: Defendant's conviction and sentence must be vacated and dismissed based on the Supreme Court's ruling in United States v. Santos, 553 U.S. 507 (2008)(plurality opinion);

Ground Two: Defendant's conviction and sentence can not stand because a conspiracy charge can not be added to the substantive charge;

Ground Three: Defendant is actually innocent-her plea of guilty was unknowing and involuntary due to ineffective assistance of counsel;

Ground Four: Prosecutorial Misconduct - there was no substantial federal interest in prosecuting her and the prosecution fabricated evidence;

<u>Ground Five:</u> Defendant was illegally sentenced under United States Sentencing Guidelines (U.S.S.G.) 2G1.1 and counsel was ineffective in failing to object to the application of this Guideline;

<u>Ground Six:</u> Defendant's Double Jeopardy rights were violated.

**PROCEDURAL BAR:**

The Government argues that, with the exception of Defendant's ineffective assistance of counsel claims (asserted in Grounds Three and Five), Defendant's remaining claims are procedurally barred, as she did not file a direct appeal and assert these claims on appeal. Issues not raised in a direct appeal and raised for the first time in a § 2255 motion are procedurally defaulted. <u>See</u> <u>Meeks v. United States</u>, 742 F.3d 841, 844 (8th Cir. 2014). A defendant must demonstrate actual innocence or cause and prejudice to excuse a procedural default. <u>Id.</u>  As discussed below, the undersigned sees no merit to Defendant's contention that she is actually innocent of the charges to which she pled guilty, and Defendant has not demonstrated any cause for her failure to raise her claims on direct appeal. Accordingly, Grounds One, Two, Four and Six are procedurally defaulted. While it is, therefore, unnecessary to

address the merits of these claims, the undersigned will nevertheless do so.

**GROUND ONE: DEFENDANT'S CONVICTION AND SENTENCE MUST BE VACATED AND DISMISSED BASED ON THE SUPREME COURT'S RULING IN <u>UNITED STATES V.SANTOS</u>:**

At the time <u>Santos</u> was decided in 2008, the federal money laundering statute, 18 U.S.C. § 1956, did not define the term "proceeds." In <u>Santos</u>, a divided Supreme Court held that the term proceeds referred to profits rather than receipts, as applied in the illegal gambling context. Defendant argues that she "was only charged with conspiring . . . to distribute the 'proceeds' of an unlawful activity and [her case] is analogous to Santos." (Doc. 28 at pg. 4.)

In 2009, following the Supreme Court's holding in <u>Santos</u>, Congress amended § 1956 to define the term proceeds. Fraud Enforcement and Regulatory Act of 2009, Pub.L. 111-21, § 2(f)(1)(B), 123 Stat. 1617, 1618. As amended, the statute defines "proceeds" broadly to include gross receipts. 18 U.S.C. § 1956(c)(9). As Defendant pled guilty in 2010, the amended statutory definition and not the <u>Santos</u> definition of proceeds is applicable to her case. Accordingly, Defendant's <u>Santos</u> challenge to her conviction for conspiracy to commit money laundering (Count Two) is without merit.

-4-

AO72A
(Rev. 8/82)

With regard to Defendant's conviction for conspiring to violate the Travel Act (Count One), this conviction was based not just on using an interstate facility to distribute the proceeds of the prostitution enterprise, but on using an interstate facility to promote, manage, establish, carry on and facilitate the prostitution enterprise. In the plea agreement, Defendant admitted to opening bank and credit card accounts for the prostitution enterprise, hiring prostitutes, answering telephone lines, and placing advertisements for the prostitution enterprise in her name. These acts were sufficient to support her conviction on Count One.

Based upon the foregoing, the undersigned sees no merit to Defendant's Santos argument or to her claim that counsel was ineffective for failing to raise this argument.

**GROUND TWO: DEFENDANT'S CONVICTION AND SENTENCE CAN NOT STAND BECAUSE A CONSPIRACY CHARGE CAN NOT BE ADDED TO THE SUBSTANTIVE CHARGE:**

Defendant argues that "an agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." (Doc. 28 at pg. 5.) Defendant asserts that she "could not commit the substantive offense alone and required the participation of James B. Mitchell (and others) and thus falls under this

exception. . . ." (Id.)  Defendant is essentially arguing the application of what is known as "Wharton's Rule." See Iannelli v. United States, 420 U.S. 770, 781-82 (1975).

The substantive offense forming the basis for Defendant's conviction on Count One (a violation of 18 U.S.C. § 1952(a)) "can be committed by a person acting alone as well as by persons acting in concert." United States v. Pezzino, 535 F.2d 483, 484 (9th Cir.), cert. denied, 429 U.S. 839 (1976).  As to the substantive offense forming the basis for Defendant's conviction on Count Two (a violation of 18 U.S.C. § 1956), § 1956(h) specifically authorizes a conspiracy charge. See United States v. Nunez, 2006 WL 1233940, *6 (S.D. N.Y. 2006), aff'd, 271 Fed. Appx. 66 (2nd Cir. 2008).  Additionally, Wharton's Rule is inapplicable when the conspiracy involves the cooperation of a greater number of persons than is required for commission of the substantive offense. See Iannelli, 420 U.S. at 775.  In the present case, numerous individuals in addition to Defendant participated in the conspiracy.  Thus, Wharton's Rule does not bar Defendant's conspiracy convictions and Ground Two, is therefore, without merit.

**GROUND THREE: DEFENDANT IS ACTUALLY INNOCENT-HER PLEA OF GUILTY WAS UNKNOWING AND INVOLUNTARY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL;**

Defendant argues that the Government was required, under Counts 1 and 2, to prove that she "persuaded" or "induced" or

AO72A
(Rev. 8/82)

"enticed" or "coerced" the escorts to have sexual relations with clients, and that there was no proof of such, nor did the prosecution allege Defendant was guilty of such conduct. Accordingly, Defendant argues that because she was actually innocent, her counsel was ineffective and her plea was not voluntary or knowing.

To establish an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced by counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the performance prong of the inquiry, the scrutiny of counsel's performance must be highly deferential, without the distorting effects of hindsight, and there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. As to the prejudice prong of the inquiry, a defendant must demonstrate that the outcome of the plea process would have been different with competent advice. Id. Specifically, a defendant must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Watson v. United States, 682 F.3d 740, 745 (8th Cir. 2012).

-7-

> In the plea agreement, Defendant stipulated that:
>
> Mitchell and the other co-conspirators **knew** that the prostitutes were engaging in sexual acts for monetary payment and that the prostitution enterprise used facilities of interstate commerce to promote, manage, carry-on and otherwise facilitate the prostitution enterprise. . . .  Mitchell and his co-conspirators utilized banks and other financial institutions to conduct financial transactions with the proceeds of the prostitution enterprise both to conceal and disguise the nature, source, ownership and control of the proceeds and to promote the carrying-on of the prostitution enterprise. . . .
>
> The investigation identified [Defendant] as a business partner of Mitchell who conspired with Mitchell and others to operate the prostitution enterprise. From approximately 2004 to August 2008, [Defendant] acted as a business partner with Mitchell in the prostitution enterprise. During this time, [Defendant] directly operated the prostitution enterprise for Mitchell including conducting financial transactions for the prostitution enterprise[,] such as making deposits of proceeds derived from the prostitution business into bank accounts in the Western District of Arkansas and subsequently using these bank accounts to pay expenses of the business and to otherwise promote and facilitate the ongoing operations of the prostitution enterprise. . . .
>
> The investigation revealed that [Defendant] opened bank and credit card accounts, subscribed to service on telephone lines and placed advertisements for the prostitution enterprise in her name.  The investigators interviewed several witnesses with firsthand knowledge who stated they were hired by [Defendant] to work for the prostitution enterprise. . . .

(Doc. 5 at pgs. 5-9) (emphasis added).

To establish a violation of the Travel Act, the Government was required to prove: (1) an unlawful activity; (b) knowledge of the Defendant of the unlawful activity; and (c) the use of

-8-

interstate commerce (1) to facilitate the carrying on of the unlawful activity or, (2) to distribute the proceeds. 18 U.S.C. § 1952(a); United States v. Corona, 885 F.2d 766, 771 (11th Cir. 1989), cert. denied, 494 U.S. 1091 (1990). Thus, contrary to Defendant's assertion, the Government did not have to prove that the Defendant persuaded, induced, enticed, or coerced the escorts to have sexual relations with clients; rather, the Government only had to prove that Defendant knew the escorts were engaging in acts of prostitution and that Defendant used a facility of interstate commerce to facilitate the carrying on of this activity or to distribute the proceeds of this activity. Defendant admitted having knowledge of the escorts engaging in acts of prostitution and also admitted the remaining elements in the plea agreement's stipulation of facts.

With respect to the money laundering count, the Government had to prove: (1) defendant conducted, or attempted to conduct a financial transaction that affected interstate or foreign commerce; (2) the financial transaction involved proceeds of unlawful activity; (3) defendant knew the property represented proceeds of some form of unlawful activity; and (4) defendant conducted or attempted to conduct the financial transaction knowing the transaction was intended to promote the carrying on of illegal activity. See 18 U.S.C. § 1956(a)(1)(A)(i); United States v. Diaz-Pellegaud, 666 F.3d 492, 498 (8th Cir.), cert.

denied, 133 S. Ct. 235 (2012). Again, Defendant admitted all of these elements in the plea agreement's stipulation of facts.

Based upon the foregoing, Defendant has failed to establish her actual innocence and her ineffective assistance of counsel claim therefore fails.

**GROUND FOUR: PROSECUTORIAL MISCONDUCT – THERE WAS NO SUBSTANTIAL FEDERAL INTEREST IN PROSECUTING THE DEFENDANT AND THE PROSECUTION FABRICATED EVIDENCE:**

Defendant argues that there was "no substantial federal interest" in prosecuting her. This same argument was made in United States v. Dickson, 2012 WL 5845120, *4 (W.D. Ark. Oct. 29, 2012), adopted, 2012 WL 5862833 (2012), where the Court noted that the Travel Act specifically defined "unlawful activity" to include state prostitution offenses and held that it was clear that Congress "intended to extend to Federal Prosecution those misdemeanor acts that were engaged in crossing state lines in committing these offenses." Dickson, 2012 WL 5845120 at *3-4; 18 U.S.C. § 1952(b). Consistent with the holding in Dickson, the undersigned believes Defendant's argument in this regard is without merit.

Defendant further argues that the prosecution "made 'false allegations' to Mitchell's attorney that [Defendant] would testify that 'Mitchell was aware that minors worked as prostitutes in Mitchell's escort service' and [Defendant] never told [the prosecution] any such 'LIES' . . . . This whole case

-10-

against [Defendant] and others . . . was based on 'fabricated' evidence which was all lies . . . . which constituted fraud and bad faith." (Doc. 28 at pg. 9.) Defendant's allegations are conclusory and unsupported. See Morelos v. United States, 709 F.3d 1246, 1253 (8th Cir. 2013) (finding no merit to defendant's claim of prosecutorial misconduct as it was based only on unsupported allegations). Further, Defendant's guilty plea forecloses all pre-plea non-jurisdictional attacks on her conviction, including prosecutorial misconduct. See United States v. Shafer, 2006 WL 995726, *1 (8th Cir. 2006).

**GROUND FIVE: DEFENDANT WAS ILLEGALLY SENTENCED UNDER UNITED STATES SENTENCING GUIDELINES:**

Defendant argues that U.S.S.G. § 2G1.1 requires proof of a defendant "Promoting a Commercial Act" which is defined in that guideline as one or all four of the following four elements... (1) persuading; (2) inducing; (3) enticing; or (4) coercing a person to engage in any kind of sexual activity, and that the Government neither alleged nor offered any proof that Defendant was guilty of any of those four elements, and counsel was ineffective in failing to object.

"'Promoting a commercial sex act' means persuading, inducing, enticing, or coercing a person to engage in a commercial sex act, or to travel to engage in, a commercial sex act." U.S.S.G. § 2G1.1, Commentary Note 1 (emphasis added). The facts to which Defendant stipulated in the Plea Agreement

-11-

AO72A
(Rev. 8/82)

show that Defendant had knowledge that the escorts were engaging in acts of prostitution and that she promoted this activity by hiring prostitutes, conducting financial transactions for the prostitution enterprise, and placing advertisements. Thus, the undersigned believes that § 2G1.1 was properly applied and that counsel was not ineffective in failing to object to its application.

**GROUND SIX: DEFENDANT'S DOUBLE JEOPARDY RIGHTS WERE VIOLATED.**

Defendant contends that "[t]he charges in Counts 1 and 2 are, by nature of the offense conduct, identical or, alternatively Count 2 is the lesser included offense included in Count 1 and either way Movant alleges a "Double Jeopardy" violation of the Fifth Amendment of the Constitution." (Doc. 28 at p. 13).

In United States v. Burman, 666 F.3d 1113 (8th Cir. 2012),the Eighth Circuit discusses when double jeopardy occurs:

> A double jeopardy violation occurs when a defendant "[is] convicted of two offenses that are 'in law and fact the same offense.'" (citations omitted). "[a] guilty plea does foreclose a double jeopardy attack on a conviction unless ... on the face of the record the court had no power to enter the conviction or impose the sentence." (Citation omitted). "In [United States v.] Broce, the Supreme Court made clear that by pleading guilty 'to two counts with facial allegations of distinct offenses' a defendant concedes 'that he has committed two separate crimes,' and in that situation there [is] no double jeopardy violation on the face of the record."

Id. at 1117(citation omitted).

In this case, Defendant is charged with violating 18 U.S.C. § 1952(a)(3)(A) in Count One and with violating 18 U.S.C. §§ 1956(a)(1) in Count Two. As indicated earlier, each count requires proof of different elements and are not the same. As noted by the Government, the facts and elements of proof necessary to support a conviction for the Travel Act violation do not include the threshold requirement for proving money laundering. Clearly, violations of the Travel Act and money laundering statutes are separate offenses, and Defendant's arguments in Count Six are without merit.

**CONCLUSION:**

Based upon the foregoing analysis, the undersigned recommends that Defendant's § 2255 motion (Doc. 98) be DENIED and DISMISSED WITH PREJUDICE.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that

AO72A
(Rev. 8/82)

there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of April, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)