IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                    NO. 10-50127-001

SHERRY MAE SEALS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is Defendant Sherry Mae Seals' **Motion for Early Termination of Supervised Release (Doc. 43)** and the Government's Response in opposition (Doc. 46). The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

On December 6, 2010, Defendant waived indictment and pled guilty to a two-count Information charging her with (1) conspiring to use an interstate facility (a telephone and bank account) to promote, manage, establish, carry on and facilitate an unlawful activity (prostitution), in violation of 18 U.S.C. § 1952(a)(3)(A) (the Travel Act), and 18 U.S.C. § 371; and (2) conspiring to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(1) & (h).  (Docs. 1, 2, 5.)  On June 20, 2011, a judgment was entered sentencing Defendant to twenty-four months imprisonment on each count, with the terms to run concurrently; three years supervised release on each count, with the terms to run concurrently; and a $5,000.00 fine.  (Doc. 15.)

-1-

On April 17, 2013, Defendant commenced her three year term of supervised release. In the motion now before the Court, Defendant requests early termination of her supervised release, stating that she has been in complete compliance with the terms of her supervised release, she is not a threat to society, and she has "learned [her] lesson" and has no intention of breaking any other laws. The Government opposes Defendant's motion.

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The factors to be considered in deciding whether to terminate supervised release include the nature and circumstances of the offense and the history and characteristics of the Defendant; the need to deter criminal conduct; and the need to protect the public from further crimes of the Defendant. See 18 U.S.C. § 3583(e) (stating that Court must consider certain factors set out in 18 U.S.C. § 3553(a)). Considering these factors, the undersigned believes that Defendant should continue to be on supervised release. Defendant pled guilty to a very serious offense – conspiring to operate a prostitution enterprise – and she was found to be an organizer or leader in this criminal activity. Further, according to the presentence investigation report, Defendant has some history of substance

abuse and mental health issues. Defendant also has not completely complied with all conditions of supervised release, as a supervision report was filed on January 14, 2014, indicating that Defendant was delinquent in her fine payments.[1]

Based on the foregoing, the undersigned recommends **DENYING** Defendant's **Motion for Early Termination of Supervised Release (Doc. 43). The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of September, 2014.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned acknowledges that Defendant subsequently paid her fine in full.